UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARICUS B.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:24-CV-5124-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for Supplemental Security Income benefits (SSI) and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes the Administrative Law Judge (ALJ) erred in addressing the medical opinion evidence and consequently reverses and remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## I. BACKGROUND

Plaintiff applied for SSI and DIB on July 6, 2018. AR 15. After the applications were denied initially and on reconsideration, a hearing was held before an ALJ in January 2020. AR 40–43. The ALJ issued a decision finding Plaintiff not disabled in March 2020 (AR 12–39) which this Court subsequently reversed and remanded in October 2021 (AR 1062–66). On remand, the ALJ held another hearing on July 18, 2023. AR 977–1017. The ALJ issued another decision finding Plaintiff not disabled on October 17, 2023. AR 944–76. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's decision the final agency action subject to judicial review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff filed a Complaint in this Court on February 15, 2024. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiff contends the ALJ erred by improperly evaluating the medical opinion evidence, his subjective symptom testimony, two lay witness statements, and the residual functional capacity (RFC). *See generally* Dkt. 17.

**A.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinions of James Parker, MD; Megan Colburn, ARNP; Myrna Palasi, MD; Howard Platter, MD; Merry Alto, MD; Andrew Forsyth, PhD; and Jan Lewis, PhD. Dkt. 17 at 3–10.

1. <u>Medical Opinion Evidence Standard</u>

For applications, like Plaintiff's, filed after March 27, 2017, the new regulations concerning the evaluation of medical opinion evidence codified in 20 C.F.R. §§ 404.1520c, 416.920c apply. Under those regulations, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(c)(2).

As an initial matter, Plaintiff's Reply Brief challenges the validity of the 2017 medical evidence regulations in light of the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *See* Dkt. 20 at 2. *Loper Bright* overruled the *Chevron* doctrine, under which courts were required to defer to agencies' reasonable interpretations of ambiguous statutes. *See* 144 S. Ct. at 2254–55 (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). Plaintiff contends the new regulations are "contrary to the purpose of the Social Security Act" and therefore are "not entitled to deference." Dkt. 20 at 3–4.

However, the new regulations do not reflect an interpretation of the Social Security Act which would have required *Chevron* deference. Rather, they were promulgated "within [the

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

Commissioner's] wide latitude to make rules and regulations, particularly those governing the nature and extent of the proofs and evidence to establish the right to benefits." *Cross v. O'Malley*, 89 F.4th 1211, 1215–16 (9th Cir. 2024) (quoting *Woods*, 32 F.4th at 790) (cleaned up); *see also* 42 U.S.C. § 405(a) (authorizing the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same"); *Chevron*, 467 U.S. at 843–44 (distinguishing regulations promulgated under "express delegation[s] of authority" from implicit statutory gaps for which deference is appropriate); *Cross*, 89 F.4th at 1216 (finding new medical opinion regulations promulgated pursuant to "a 'gap' 'explicitly left' by Congress") (quoting *Chevron*, 467 U.S. at 834–44).

Where a "statute expressly entrusts the [Commissioner] with the responsibility for implementing a provision by regulation, [a court's] review is limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Heckler v. Campbell*, 461 U.S. 458, 466 (1983) (footnote omitted). The Ninth Circuit held in *Cross* that the new regulations did not exceed the Commissioner's statutory authority and were not arbitrary and capricious. *See* 89 F.4th 1215–17. The Court therefore applies those regulations here.

    2.  <u>ARNP Colburn and Drs. Palasi, Platter, and Alto</u>

State medical consultant ARNP Colburn submitted an opinion in June 2018. AR 452–55. She opined Plaintiff could perform only sedentary work, defined as being able to lift no more than ten pounds and being able to stand and walk only for brief periods. AR 454. Dr. Palasi completed an opinion in June 2018 adopting ARNP Colburn's opinion and agreeing Plaintiff was limited to a sedentary RFC. AR 816.  Examining consultant Dr. Platter opined in November

2018 Plaintiff could stand or walk for no more than two hours in an eight-hour day and would require the ability to alternate between sitting and standing while at work. AR 126–27. He opined Plaintiff was capable of no more than sedentary work. AR 131. He opined Plaintiff could never climb ladders, ropes or scaffolds; could occasionally climb ramps and stairs; and could occasionally balance, stoop, kneel, crouch, or crawl. AR 126–27. In February 2019, State consultant Dr. Alto submitted an opinion that agreed with Dr. Platter's limitations, except she opined Plaintiff could stand or walk for a total of six hours in an eight-hour day. *See* AR 161–62. Dr. Alto, Dr. Palasi, and ARNP Colburn all indicated their opinions were based on Plaintiff's chronic back, hip, and leg pain. *See* AR 163, 453, 816–17.

The ALJ found the opinions of Dr. Platter, Dr. Palasi, and ARNP Colburn unpersuasive. AR 962–64. He found Dr. Alto's opinion partially persuasive, finding the opined postural limitations and Dr. Alto's opinion that Plaintiff needed to be able to alternate between sitting and standing unpersuasive. *See* AR 962–63.

The ALJ discounted all four of these opinions because they were inconsistent with evidence Plaintiff had "typically normal or stable gait." AR 962–64. The ALJ erred by finding such evidence to be inconsistent with the opinions. Demonstrating normal gait in the brief context of an examination does not show Plaintiff can stand or walk for several hours at a time. *See Mark A. Y. v. Comm'r of Soc. Sec.*, No. 3:21-CV-5568, 2022 WL 538763, at *3 (W.D. Wash. Feb. 23, 2022) ("[A] normal gait walking across a doctor's office does not contradict Plaintiff's testimony of needing to rest due to pain after walking two to three city blocks."). Nor do such results demonstrate an ability to sit for prolonged periods without a sit-or-stand opinion.

The ALJ discounted the opinions of Drs. Alto and Platter because they were inconsistent with treatment notes indicating Plaintiff was in "no acute distress." AR 962, 963. Such notations

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

show Plaintiff did not have new, emerging conditions when seeking treatment, but do not show Plaintiff was unaffected by his chronic conditions, which formed the basis of Drs. Alto and Platter's opinions. *See Richard F. v. Comm'r of Soc. Sec.*, No. C19-5220, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("'Acute' means 'of recent or sudden onset; contrasted with chronic. . . . . Plaintiff's impairments are chronic, not acute.") (citing *Acute*, Oxford English Dictionary (3d ed. 2011)).[1]

The ALJ also discounted all four opinions because they were inconsistent with an examination administered in 2019, which found:

> [Plaintiff] was able to walk independently and a normal tiptoe, normal heel walk, normal station, 5/5 motor strength in his bilateral iliopsoas, quadriceps, anterior tibialis, gastrocnemius, and extensor hallucis longus, normal muscle tone in his bilateral lower extremities, normal muscle bulk, functional spine range of motion, only mild spinal stenosis, and pain assertions that were inconsistent with the claimant's objective medical imaging results.

AR 962 (citing AR 813–15), 963 (same), 964 (same). As discussed, the ALJ did not explain how the evidence Plaintiff could walk independently and normally on examination is inconsistent with limitations related to the length of time in which Plaintiff can stand or walk. With respect to the remaining examination findings, the ALJ failed to address contrary examination results showing Plaintiff had tenderness and pain with movement of his neck, arms, shoulder, and spine (*see* AR 460, 495, 728, 743, 747, 933, 1306, 1356, 1413, 1416, 1417), thus erring by "improperly cherry-pick[ing]" favorable medical evidence without explaining why he weighed the medical evidence supporting his findings greater than the medical evidence detracting from it. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

---

[1] The ALJ also discounted all four opinions because of Plaintiff's "generally conservative treatment throughout the relevant period." *See* AR 962–64. The Court does not consider this reason, as the Commissioner does not defend it. *See* Dkt. 19 at 12–13.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

The ALJ also discounted ARNP Colburn and Dr. Palasi's opinions because they were inconsistent with a September 2018 examination where Plaintiff had "good power in his bilateral shoulder abduction, elbow flexion/extension, and wrist extension/grip, no upper extremity muscle atrophy, the ability to rise up on his heels and toes, the ability to perform a partial squat, and no gait asymmetry." AR 964 (citing AR 728). ARNP Colburn and Dr. Palasi opined only that Plaintiff was limited in his ability to walk for prolonged periods and lift weights greater than ten pounds. *See* AR 454, 816. The Court cannot discern and the ALJ has not shown how Plaintiff's abilities to rise, squat, walk without asymmetry, and extend his wrists and elbows are inconsistent with such limitations. With respect to the examination result showing strong shoulder abduction, the ALJ erred by failing to consider evidence to the contrary (AR 933, 940) showing Plaintiff had pain with abduction.

The ALJ also discounted ARNP Colburn and Dr. Palasi's opinions because they were unsupported by ARNP Colburn's examination, which found Plaintiff "to have poor muscle tone, some degree of musculoskeletal tenderness, rods in his lower right leg, and some degree of lower right leg edema," but also "normal motor strength, normal movement of all extremities, normal gait, normal station, unremarkable coordination, normal back curvature, and grossly intact physical sensation." AR 964 (citing AR 442–44). The ALJ failed to explain, nor can the Court discern, how the abnormal findings in ARNP Colburn's opinion—including muscular tenderness and lower leg rods—do not support limitations related to Plaintiff's ability to stand or walk. As discussed, the remaining normal findings do not contradict the opined limitations.

In sum, the ALJ failed to provide adequate reasons for discounting the opinions of ARNP Colburn and Drs. Palasi, Platter, and Alto. Had the ALJ properly considered these four medical opinions, the RFC may have included additional limitations. Therefore, this error was not

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

harmless and requires reversal. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

     3.  <u>Dr. Parker</u>

Dr. Parker opined Plaintiff's "poor concentration related to pain would interfere with interactions with coworkers, supervisors and the public and interfere with his ability to attend work on a regular basis and make him susceptible to stress. He would also have difficulty with consistent performance of a task, because of concentration problems." AR 782–83.

The ALJ discounted the opinion because it was "somewhat vague and fail[ed] to provide insight into the severity of the claimant's limitations." AR 965. This is a valid reason to discount an opinion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (affirming ALJ determination that opinion was unpersuasive because source "did not provide useful statements regarding the degree of [the claimant's] limitations"). The ALJ reasonably found some of Dr. Parker's opinion vague. Dr. Parker's opinion that Plaintiff's poor concentration "would interfere with [his] interactions" with others was reasonably found vague, as it failed to opine the extent to which this interference would occur. Similarly, the ALJ reasonably found Dr. Parker's opinion that Plaintiff would "have difficulty with consistent performance of a task" vague, as it did not suggest how frequently Plaintiff would be unable to perform tasks. Plaintiff contends the ALJ should have recontacted Dr. Parker for clarification of his opinion (Dkt. 17 at 4), but an opinion's vagueness does not trigger an ALJ's duty to develop the record. *See Ford*, 950 F.3d at 1156.

However, Dr. Parker's opinion that Plaintiff's poor concentration would "interfere with his ability to attend work on a regular basis" was not vague—it conveyed an opinion that Plaintiff would not be able to routinely come to work, as the RFC assumes Plaintiff would be

1 able to do. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *1 ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). The ALJ provided no other reasons for discounting this limitation. The ALJ did find Dr. Parker's opinion inconsistent with his mental exam findings, but these exam findings involved Plaintiff's memory, fund of knowledge, and stream of thought and do not show Plaintiff would not have concentration difficulties based on his pain as Dr. Parker opined. AR 965. Also, the ALJ did discuss Dr. Parker's "opined social interaction limitations," but when doing so did not specifically address the opined absenteeism limitation. *Id.*

Thus, the ALJ failed to provide adequate reasons for discounting Dr. Parker's opined absenteeism limitation. This error was not harmless, as proper consideration of Dr. Parker's opinion may have led the ALJ to include such a limitation in the RFC. *See Stout*, 454 F.3d at 1054.

**B.    Remaining Issues**

The Court declines to consider Plaintiff's arguments with respect to the medical opinions of Drs. Lewis and Forsyth, Plaintiff's subjective testimony, and the lay witness statements, as the Court has found reversible error in the ALJ's evaluation of the medical opinion evidence. Rather, the Court directs the ALJ to reevaluate Plaintiff's testimony and the lay testimony on remand, and reassess the RFC as warranted by further consideration of the evidence.

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of August, 2024.

David W. Christel
United States Magistrate Judge